UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HENRY CURRY,<br><br>　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA FORENSIC MEDICAL GROUP, et al.,<br><br>　　Defendants. | No. 2:18-cv-2513 KJN P<br><br>ORDER |

Plaintiff is an inmate at the Butte County Jail. Defendants Dr. Harris and R.N. Thompson answered the complaint. This action proceeds on plaintiff's claims that defendants were deliberately indifferent to plaintiff's serious needs by refusing to provide an extra mattress and failing to provide adequate pain medication. On August 5, 2019, plaintiff filed a letter entitled, "Motion to Submit Addendum to Existing Case," along with 66 pages of documents which plaintiff claims he unsuccessfully attempted to submit at the recent settlement conference. (ECF No. 19.) Plaintiff alleges he has suffered several civil rights violations at the hands of defendants since the filing of this action. He states a nurse told him he has congestive heart failure. Plaintiff claims his thyroid levels are at abnormally high levels, and complains he had to wait over six months to get an appropriate mask for his C.P.A.P. machine. Recently, plaintiff had severe stomach pain, nausea, vomiting and diarrhea, and received no treatment, despite numerous

1

requests for medical care.  Plaintiff claims the only things provided him and four other men was to put them on a liquid diet: chicken broth, apple juice, and 7-Up three times a day.  Plaintiff states he is extremely ill, feels "near death," "past exhaustion," has "zero nutrition," and is "delirious."  (ECF No. 19 at 2.)  Plaintiff states he was given immodium two days ago, which only reduced the frequency of the diarrhea a little.  (Id.)  Plaintiff claims he should have been hospitalized long ago.  (Id.)  His filing was signed on July 26, 2019.

While the court is sympathetic to plaintiff's medical issues, plaintiff is not permitted to add new claims to an ongoing case in this manner.  Under limited circumstances, a plaintiff may add newly exhausted claims to an existing action.  See Rhodes v. Robinson, 621 F.3d 1002 (9th Cir. 2010) (authorizing amended complaint containing newly exhausted claims based on related conduct that occurred after the filing of the original complaint).  But "a prisoner must exhaust his administrative remedies for the claims contained within his complaint before that complaint is tendered to the district court." Id. at 1004, citing McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam); and Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006).  The United States Supreme Court confirmed that district courts are bound by the Prison Litigation Reform Act's textual mandate requiring all inmates to exhaust administrative remedies before bringing an action in federal court.  See Ross v. Blake, 136 S. Ct. 1850, 1856-57 (2016) (refuting a "special circumstance" exception to the rule of exhaustion).  The court therefore cannot consider plaintiff's new, unexhausted claims in the instant lawsuit.

In addition, plaintiff may not submit a stack of exhibits and expect the court to review the documents to speculate as to their intended purpose.  Rather, exhibits should be tendered only in connection with a properly-filed motion in which the purpose of the exhibit is made clear.  Finally, plaintiff should refrain from filing copies of court orders and other documents already filed with the court.  The court retains a record of court orders and filings by the parties.  Re-filing such documents unnecessarily congests the court's record.

////

////

////

Accordingly, for all of the above reasons, IT IS HEREBY ORDERED that plaintiff's motion to submit addendum (ECF No. 19) is denied without prejudice.

Dated: August 22, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/curr2513.exs